FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 2 8 2010

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02751-BNB

JEANETTE McDOWELL,

      Plaintiff,

v.

FRANK AZAR, # 0724481,
DENVER POLICE SEX CRIME UNIT, and
SO. ONEIDA CLUB APTS,

      Defendants.

## ORDER OF DISMISSAL

Plaintiff, Jeanette McDowell, acting *pro se* initiated this action by a Complaint on November 10, 2010. Magistrate Judge Boyd N. Boland reviewed the Complaint and on December 17, 2010, ordered Ms. McDowell to amend the Complaint to comply with Fed. R. Civ. P. 8 and ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Specifically, Ms. McDowell was directed to set forth a short and plain statement of the grounds on which this Court's jurisdiction depends. In other words, she was instructed to cite the statutory authority that allows this Court to consider the claims she is asserting in this action.

The December 17 Order explained that the twin purposes of a complaint are (1) to give the opposing parties fair notice of the basis for the claims against them so that they may respond and (2) to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir.

1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Magistrate Judge Boland further informed Ms. McDowell that Rule 8(a) requires that a complaint "contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought, . . . ."

On December 20, 2010, Ms. McDowell filed an Amended Complaint. The Court must construe the Amended Complaint liberally because Ms. McDowell is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Amended Complaint is held to standards less stringent than those governing a formal pleading drafted by an attorney. *See id.* However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Amended Complaint and has determined that the Complaint and action should be dismissed for the following reasons.

On Page Two of the Amended Complaint form under the section titled "Jurisdiction" Ms. McDowell states "[a]fter I was severely injured in a car accident not of my own doing he failed to litigate on my behalf. The enforcement order of Colorado Supreme Court gave me a case #." Ms. McDowell also raises three claims. In the first claim, she asserts that Mr. Frank Azar did not litigate her medical claims suit in state court and dropped her case without notice to her. In the second claim, Ms. McDowell asserts that eight years ago her daughter was raped and kidnapped by Carlton Smith

2

while she was in the custody of the DHS. Finally, in the third claim Ms. McDowell asserts that the South Oneida Apartments had her car towed in 2009. Ms. McDowell seeks money damages

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings. **See McAlester v. United Air Lines, Inc.**, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." **United States v. Bustillos**, 31 F.3d 931, 933 (10th Cir. 1994).

Ms. McDowell has failed to demonstrate in the Amended Complaint that the Court has jurisdiction over any of the claims that she is asserting. Ms. McDowell fails to identify what statutory authority allows this Court to consider her claims. In fact, it is not even clear that Ms. McDowell has standing to bring a claim in any court regarding the alleged rape and kidnapping of her twenty-year old daughter that took place when her daughter was twelve years old. The claims Ms. McDowell raises appear to be state law claims. Therefore, the Court finds that the action must be dismissed for lack of subject matter jurisdiction. Accordingly, it is

3

ORDERED that the Amended Complaint and the action are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3).

DATED at Denver, Colorado, this 28th day of December, 2010.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02751-BNB

Jeanette McDowell
850 S. Oneida St. - B-104
Denver, CO 80224

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on December 28, 2010.

                                GREGORY C. LANGHAM, CLERK

                                By: _____
                                          Deputy Clerk